UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEVEN C. FUSTOLO,<br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC. and<br>FEDERAL HOME LOAN MORTGAGE CORP.<br>AS TRUSTEE OF SCRT 2019-2[1],<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS:

Defendants Select Portfolio Servicing, Inc. and Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2019-2, (the "Trust" and together, "Defendants") respectfully give notice that, pursuant to 28 U.S.C. §§ 1441, 1331, and 1332, they have removed the above-titled action to the United States District Court for the District of Massachusetts from the Suffolk County Superior Court of the Commonwealth of Massachusetts, and for their Notice of Removal state as follows:

1. Defendants are named in a civil action filed and pending in Suffolk County Superior Court entitled <u>Steven C. Fustolo v Select Portfolio Servicing, Inc., et al.</u>, C. A. No. 2284CV02801. Plaintiff served the original complaint on December 15, 2022 and subsequently filed a First Amended Complaint on December 30, 2022. (<u>See</u> Tracking Order and First Amended Complaint, attached at **Exhibit A**).

---

[1] The full correct name is Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2019-2.

2.       This suit is of a wholly civil nature.  The action is pending in Suffolk Superior Court located in Boston, Massachusetts.  (**Exhibit A**).  The Complaint alleges conduct taking place in Massachusetts and concerning property in Massachusetts described as 115 Salem Street, Unit 13, Boston, Suffolk County, Massachusetts (the "Property").  (Amended Complaint, ¶ 5).

3.       This Court has original federal question jurisdiction pursuant to 28 U.S.C. § 1331.  Plaintiff asserts in Count III a violation of the Real Estate Settlement Procedures Act ("RESPA"), codified at 12 U.S.C. § 2605, and invokes so-called Regulation X at 12 CFR § 1024.  (Amended Complaint, pp. 13-14).  Specifically, Plaintiff challenges Defendants' enforcement and foreclosure of "a federally related mortgage loan subject to RESPA."  (Amended Complaint, ¶ 68).  Plaintiff complains of damage "in that he was deprived of potential alternatives to foreclosure, loan modifications, or other workout solutions" as a direct result of the erroneous valuation of the Property.  Accordingly, Plaintiff apparently claims rights under the loss mitigation provisions of Regulation X at 12 C.F.R. § 1024.41(c)(1)(i) & (ii).  Regulation X is enforceable under RESPA pursuant to 12 U.S.C. § 2605(f) and 12 C.F.R. § 1024.41.  Plaintiff alleges that the RESPA breaches deprived him of alternatives to foreclosure, thereby resulting in possible risk of losing the Property at the core of the litigation.  See Therrien v. Hamilton, 881 F. Supp. 76, 82 (D. Mass. 1995) (Court examines if the "heart" of the allegations raises a claim under federal law).  Plaintiff's Complaint "necessarily raises a federal question" that is disputed and substantial.  See Rhode Island Fishermen's Alliance, Inc. v. Rhode Island Dept. of Environmental Management, 585 F.3d 42, 49-51 (1st Cir. 2009).

4.       This Court also has supplemental jurisdiction over the state law claims, which tie back to the underlying efforts to enforce the mortgage loan, defeated loss mitigation efforts, and ultimate foreclosure of the Mortgage.  Accordingly, the counts are inextricably related to the

federal claim, form part of the same case or controversy as the claim arising under federal law, and do not raise novel or complex issues of state law.

5. Additionally, the United States District Court has original jurisdiction over this action under 28 U.S.C. § 1332, due to diversity of citizenship of the parties and an amount in controversy that exceeds the jurisdictional amount.

6. There is complete diversity of citizenship of the parties named in and properly joined to this action applying the allegations and claims asserted in the Complaint. According to the allegations, Plaintiff resides in Massachusetts. (Amended Complaint, ¶ 5). SPS has a principal place of business located in Salt Lake City, Utah. (Amended Complaint, ¶ 6). Plaintiff alleges that Federal Home Loan Mortgage Corp. has a principal place of business located in McLean, Virginia (Amended Complaint, ¶ 7).

7. The value of the matter in controversy exceeds $75,000.00, exclusive of interest and costs. "Courts have repeatedly held that the value of the matter in controversy is measured not by the monetary judgment which the plaintiff may recover but by the judgment's pecuniary consequences to those involved in the litigation." Richard C. Young & Co., Ltd. v. Leventhal, 389 F.3d 1, 3 (1st Cir. 2004). According to the Amended Complaint, the action arises out of the enforcement of a first mortgage loan granted in 2009 in the original principal amount of $283,500.00. (Amended Complaint, ¶¶ 8, 9; Mortgage, attached to Complaint at Exhibit 1). Plaintiff contests the mortgage loan default process and the foreclosure of the mortgage. Plaintiff seeks remedies in addition to money damages, to include an injunction against the foreclosure sale and a declaration that Defendants cannot enforce the mortgage loan through foreclosure and sale of the Property. The jurisdictional amount is satisfied where the object of the litigation is the Property, and Plaintiff contests the Trust's foreclosure of the Mortgage by a

3

108569268.1

sale of the Property. The action implicates both the rights of the Trust to enforce the Mortgage and Plaintiff's potential loss of the Property through foreclosure. The current assessed value of the Property is $446,900, per the City of Boston Tax Assessor records. Plaintiff concedes that the fair market value of the Property is at least $350,000. (First Amended Complaint, ¶ 34). Thus, the pecuniary consequences of the litigation on the parties exceed $75,000 with title to and rights to possession of the Property disputed by Plaintiff. In addition, the amount in controversy exceeds $75,000 where Plaintiff seeks a declaratory judgment and an injunction to bar forever the Trust from foreclosing the Mortgage and selling the Property. In summary, Plaintiff seeks to terminate permanently the Trust's rights to legal title to the Property. The amount-in-controversy in a claim for equitable relief is "measured by the value of the object of the litigation." Hunt v. Walsh State Apple Adver. Commission, 432 U.S. 333, 347 (1977). Where, as here, a plaintiff challenges the foreclosure of a mortgage, the "object of the litigation" is the property at issue and the subject mortgage loan. See Morse v. Residential Credit Solutions, Inc., 2012 WL 458492 (D. Mass. Feb. 3, 2012) (slip opinion) (citing Bedard v. Mortgage Electronic Registration Systems, Inc., No. 11–cv–117–JL, 2011 WL 1792738, at *2–3 (D.N.H. May 11, 2011) (collecting cases)); Aliberti v. GMAC Mortg., LLC, 779 F. Supp. 2d 242, 245 (D. Mass. 2011); McKenna v. Wells Fargo Bank, N.A., 693 F.3d 207, 212 (1st Cir. 2012). The amount in controversy is satisfied based on the nature of the action asserted and the relief requested.

8. Defendants are filing this notice within thirty (30) days of the date this action became removable, and within the time for filing this notice. See 28 U.S.C. §1446.

9. Defendants will file a copy of this Notice with the Clerk of the Suffolk County Superior Court, and will serve a copy of the Notice of Removal on all other parties to the case. A copy of the Notice to the Clerk is attached hereto, as **Exhibit B**.

10. Defendants will file a certified or attested copy of the state court record with this Court within twenty-eight (28) days after the filing of this Notice or upon receipt from the Civil Clerk, in accordance with Local Rule 81.1(a).

## **CONCLUSION**

WHEREFORE, Defendants Select Portfolio Servicing, Inc. and Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2019-2, give notice that the above action now pending in the Suffolk County Superior Court of Massachusetts is removed to the United States District Court for the District of Massachusetts.

Respectfully submitted,

**SELECT PORTFOLIO SERVICING, INC. AND FEDERAL HOME LOAN MORTGAGE CORPORATION, AS TRUSTEE FOR THE BENEFIT OF THE FREDDIE MAC SEASONED CREDIT RISK TRANSFER TRUST, SERIES 2019-2,**

By their attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (BBO #600069)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110
Telephone: (617) 342-6800
Facsimile: (617) 342-6899
pcarr@eckertseamans.com

Dated:  January 6, 2023

108569268.1

## CERTIFICATE OF SERVICE

      I hereby certify that this document(s) filed through the ECF system on this day will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are non-registered participants.

Dated:  January 6, 2023

/s/ Peter F. Carr, II
Peter F. Carr, II