UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEVEN C. FUSTOLO,<br>    Plaintiff,<br><br>v.<br><br>SELECT PORTFOLIO SERVICING, INC. and<br>FEDERAL HOME LOAN MORTGAGE CORP.<br>AS TRUSTEE OF SCRT 2019-2,<br>    Defendants. | )<br>)<br>)     C.A. 1:23-cv-10033-RGS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## ANSWER TO VERIFIED FIRST AMENDED COMPLAINT

Defendants Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2019-2 (the "Trust"), and Select Portfolio Servicing, Inc. ("SPS") (collectively, "Defendants") hereby answer the Verified First Amended Complaint of Plaintiff Steven Fustolo ("Fustolo") following the Court's March 20, 2023 dismissal order (the "Dismissal Order").

### NATURE OF THE CASE

1.  The allegations state legal conclusions for which no answers are required.

2.  The allegations state legal conclusions for which no answers are required.

### JURISDICTION AND VENUE

3.  The allegations state legal conclusions for which no answers are required.

4.  The allegations state legal conclusions for which no answers are required.

### PARTIES

5.  Defendants lack sufficient knowledge to admit or deny Fustolo's current residence.  Defendants admit that Fustolo is the record title owner of the Property.

6. Defendants admit that SPS is a Utah corporation with a principal office located in Salt Lake City. Defendants admit that SPS is the duly-authorized servicer and attorney-in-fact for the Trust with respect to the Fustolo mortgage loan.

7. Defendants admit the allegations, except that the full and correct identity of the Trust as mortgagee is Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2019-2.

## COMMON FACTS

8. Defendants admit that Fustolo executed and granted a Mortgage on the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), which Mortgage otherwise speaks for itself. Defendants lack sufficient knowledge to admit or deny the remainder of the allegations and call upon Fustolo to prove the same at trial.

9. Admitted.

10. The allegations purport to pertain to recorded assignments of the Mortgage, which speak for themselves.

11. Defendants lack sufficient knowledge to admit or deny the allegations and call upon Fustolo to prove the same at trial.

12. The allegations purport to pertain to a document, which speaks for itself. In further answering, Defendants lack sufficient knowledge to admit or deny the remainder of the allegations and call upon Fustolo to prove the same at trial.

13. The allegations purport to pertain to a document, which speaks for itself.

14. Defendants lack sufficient knowledge to admit or deny the allegations and call upon Fustolo to prove the same at trial.

15. The allegations state legal conclusions for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

16. The allegations state legal conclusions and argument for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

17. The allegations state legal conclusions and argument for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

18. The allegations state legal conclusions and argument for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

19. The allegations state legal conclusions and argument for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

20. The allegations state legal conclusions and argument for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

21. The allegations state legal conclusions and argument for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order. In further answering, Defendants deny the allegations because the Trust is the current mortgagee with rights to foreclose the Mortgage.

22. The allegations purport to pertain to the Note, which speaks for itself. In further answering, Defendants admit that the Trust currently holds the Note and the Trust currently holds the power to foreclose the Mortgage.

23. The allegations purport to pertain to the Note, which speaks for itself.

24. The allegations state legal conclusions and argument for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

#110284325v1

109053600.2

25. The allegations state legal conclusions and argument for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

26. The allegations purport to pertain to a document, which speaks for itself. In further answering, the allegations state legal conclusions and argument for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

27. The allegations purport to pertain to a document, which speaks for itself. In further answering, the allegations state legal conclusions and argument for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

28. The allegations state legal conclusions and argument for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

29. The allegations purport to pertain to a document, which speaks for itself. In further answering, the allegations state legal conclusions and argument for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

30. The allegations state legal conclusions and argument for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

31. The allegations purport to pertain to a document, which speaks for itself. In further answering, the allegations state legal conclusions and argument for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

32. The allegations purport to pertain to a document, which speaks for itself. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

33. Defendants lack sufficient knowledge to admit or deny the allegations, and call upon Fustolo to prove the same at trial. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

#110284325v1

109053600.2

34.     The allegations purport to pertain to a document, which speaks for itself.  In further answering, the allegations are immaterial pursuant to the Dismissal Order.

35.     The allegations purport to pertain to a document, which speaks for itself.  In further answering, the allegations are immaterial pursuant to the Dismissal Order.

36.     The state legal conclusions and argument for which no answers are required.  In further answering, the allegations are immaterial pursuant to the Dismissal Order.

37.     The allegations purport to pertain to a document, which speaks for itself.  In further answering, the allegations are immaterial pursuant to the Dismissal Order.

38.     The allegations state legal conclusions and argument for which no answers are required.  In further answering, the allegations are immaterial pursuant to the Dismissal Order.  To the extent answers are required, Defendants deny any unfair or deceptive acts or practices.

39.     The allegations purport to pertain to a document, which speaks for itself.  In further answering, Defendants admit that Fustolo was subject to an involuntary bankruptcy petition as reflected in the docket entries.  In further answering, the allegations are immaterial pursuant to the Dismissal Order.

40.     The allegations state legal conclusions and argument for which no answers are required.  In further answering, the allegations are immaterial pursuant to the Dismissal Order.

41.     The allegations purport to pertain to a document, which speaks for itself.  In further answering, Defendants admit the Servicemembers Civil Relief Act proceeding in the Land Court.  Defendants deny Fustolo's characterizations of the Land Court proceeding.  In further answering, the allegations are immaterial pursuant to the Dismissal Order.

42.     The allegations state legal conclusions and argument for which no answers are required.  In further answering, the allegations are immaterial pursuant to the Dismissal Order.

43.    The allegations purport to pertain to documents, which speak for themselves. In further answering, Defendants deny Fustolo's characterizations of the documents. In further answering, the allegations state legal conclusions and argument for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

44.    The allegations purport to pertain to documents, which speak for themselves. In further answering, Defendants deny Fustolo's characterizations of the documents. In further answering, the allegations state legal conclusions and argument for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

45.    The allegations state legal conclusions and argument for which no answers are required. In further answering, the allegations are immaterial pursuant to the Dismissal Order.

46.    Denied.

## COUNT I

47.    Defendants incorporate by reference all prior answers as if fully set forth herein.

48.-55.    The allegations in paragraphs 48-55 are immaterial with Count I dismissed on the merits pursuant to the Dismissal Order.

## COUNT II
### DECLARATORY JUDGMENT- DEFENDANTS' FAULTY PARAGRAPH 22 NOTICE
### (SPS and Freddie Mac)

56.    Defendants incorporate by reference all prior answers as if fully set forth herein.

57.    The allegations purport to pertain to the Mortgage, which speaks for itself.

58.    The allegations purport to pertain to the notices, which speak for themselves.

59.    The allegations purport to pertain to the notices, which speak for themselves. In further answering, Defendants deny the allegations.

60.    The allegations purport to pertain to the notices, which speak for themselves.

#110284325v1

109053600.2

61. The allegations state legal conclusions for which no answers are required.

62. Defendants deny that the notices did not strictly comply with the statutes governing foreclosure and the Mortgage.  In further answering, the allegations state legal conclusions and argument for which no answers are required.

63. Denied.

64. Denied.

65. Denied.

### COUNT III

66. Defendants incorporate by reference all prior answers as if fully set forth herein.

67.-70. The allegations in paragraphs 67-70 are immaterial with Count III dismissed on the merits pursuant to the Dismissal Order.

### COUNT IV

71. Defendants incorporate by reference all prior answers as if fully set forth herein.

72.-76. The allegations in paragraphs 72-76 are immaterial with Count IV dismissed on the merits pursuant to the Dismissal Order.

### COUNT V

77. Defendants incorporate by reference all prior answers as if fully set forth herein.

78.-80. The allegations in paragraphs 78-80 are immaterial with Count V dismissed on the merits pursuant to the Dismissal Order.

### COUNT VI

81. Defendants incorporate by reference all prior answers as if fully set forth herein.

82.-88. The allegations in paragraphs 82-88 are immaterial with Count VI dismissed on the merits pursuant to the Dismissal Order.

#110284325v1

109053600.2

## COUNT VII

89.  Defendants incorporate by reference all prior answers as if fully set forth herein.

90.-93.  The allegations in paragraphs 90-93 are immaterial with Count VII dismissed on the merits pursuant to the Dismissal Order.

## AFFIRMATIVE DEFENSES

### FIRST

Fustolo fails to state a claim upon which relief can be granted as a matter of law.

### SECOND

Fustolo fails to establish an actual case or controversy with the Mortgage foreclosure sale having been cancelled before Fustolo filed the action.  (**Tab A**).

### THIRD

Fustolo's claim is moot with the foreclosure sale cancelled.

### FOURTH

Fustolo fails to establish unfairness in the Mortgage foreclosure process.

### FIFTH

Fustolo is barred from bringing the claim based on unclean hands.

### SIXTH

Fustolo fails to establish a lack of strict compliance with the terms of the Mortgage.

### SEVENTH

Fustolo fails to establish actual confusion or deception resulting from the notices.

### EIGHTH

Fustolo is estopped from asserting the claim.

#110284325v1

109053600.2

**NINTH**

Fustolo's claim is void as to public policy where the Defendants complied with the regulatory mandates of the Massachusetts Division of Banks.

**REQUEST FOR RELIEF**

**WHEREFORE**, Defendants request this Honorable Court to:

1. Dismiss the remaining Count I with prejudice;

2. Enter judgment in their favor against Plaintiff on the remaining Count I;

3. Award costs and attorney's fees incurred in defending this action; and,

4. Grant such other and further relief as this Court deems just and proper.

    Respectfully submitted,

    **SELECT PORTFOLIO SERVICING, INC. and FEDERAL HOME LOAN MORTGAGE CORPORATION, AS TRUSTEE FOR THE BENEFIT OF THE FREDDIE MAC SEASONED CREDIT RISK TRANSFER TRUST, SERIES 2019-2,**

    By their attorneys,

    /s/ Peter F. Carr, II
    Peter F. Carr, II (BBO #600069)
    **ECKERT SEAMANS CHERIN & MELLOTT, LLC**
    Two International Place, 16th Floor
    Boston, MA 02110
    Telephone: (617) 342-6800
    Facsimile: (617) 342-6899
    pcarr@eckertseamans.com

Dated: March 31, 2023

## **CERTIFICATE OF SERVICE**

      I hereby certify that this document(s) filed through the ECF system on this day will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are non-registered participants.

Dated: March 31, 2023

/s/ Peter F. Carr, II
Peter F. Carr, II

#110284325v1

109053600.2

# TAB A

109053600.2



October 6, 2022

 STEVEN C FUSTOLO
101 FEDERAL ST
SUITE 1900
BOSTON, MA 02110

**Account Number:**   0023990781
**Property Address:**   115 SALEM STREET
UNIT 13
BOSTON, MA 02113

Dear Customer(s):

SPS is notifying you that the scheduled foreclosure sale of the above noted property has been cancelled. Should a new sale date be scheduled, SPS will send proper notice at that time. Please contact us immediately if you have any questions.

If you have any questions, your assigned Relationship Manager, Patricia Williams, can be reached toll free at (888) 818-6032 x 50173 or by email at Relationship.Manager@spservicing.com.

At SPS, any of our Customer Care Experts can assist you with answers to your questions about the status or history of your account, document requirements, or any of our available loan resolution options. If you have any questions or concerns, please contact SPS. Our toll-free number is 888-818-6032 and representatives are available Monday through Friday between the hours of 8 a.m. and 9 p.m., and Saturday from 8 a.m. to 2 p.m., Eastern Time. You may also visit our website anytime at www.spservicing.com.

Sincerely,

Select Portfolio Servicing, Inc.

Please note that SPS is sending this to you to provide information regarding the lien on the real property referenced above. Our records indicate that your obligation has been discharged under the United States Bankruptcy Code. This notice and any enclosed documents are for compliance and informational purposes only and do not constitute a demand for payment or an attempt to collect such obligation. Even though your personal liability on the note may be discharged, the terms of the mortgage remain in effect and the owner of the mortgage, as lien holder, continues to have a lien on the real property.

**Esta carta contiene información importante concerniente a sus derechos. Por favor, traduzca esta carta. Nuestros representantes bilingües están a su disposición para contestar cualquier pregunta. Llamenos al numero 800-831-0118 y seleccione/marque la opción 2.**

**This information is intended for informational purposes only and is not considered an attempt to collect a debt.**

