UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| STEVEN C. FUSTOLO,  )<br>　　　Plaintiff,　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>v.　　　　　　　　　　　　　　　　　　　)<br>　　　　　　　　　　　　　　　　　　　　　)<br>SELECT PORTFOLIO SERVICING, INC. and )<br>FEDERAL HOME LOAN MORTGAGE CORP. )<br>AS TRUSTEE OF SCRT 2019-2,　　　　　　)<br>　　　Defendants.　　　　　　　　　　　)  | C.A. 1:23-cv-10033-RGS |

## MOTION OF DEFENDANTS FOR RECONSIDERATION OF DENIAL OF MOTION TO DISMISS COUNT II OF FIRST AMENDED COMPLAINT

Defendants Federal Home Loan Mortgage Corporation, as Trustee (the "Trust"), and Select Portfolio Servicing, Inc. hereby move for reconsideration of the order denying dismissal of Count II of the First Amended Verified Complaint for failure to state a claim. In support of reconsideration, Defendants state as follows:

　　　1.　　Count II seeks a declaratory judgment concerning the validity of the notices dated September 17, 2019 upon which a prior mortgage foreclosure was commenced and sale noticed.

　　　2.　　The prior foreclosure sale was cancelled on October 6, 2022. (See **Tab A** to Answer [ECF Doc. # 15]).

　　　3.　　Fustolo does not plead an impending foreclosure because no foreclosure has been started after the prior sale was cancelled on October 6, 2022.

　　　4.　　The case law from the Supreme Judicial Court, cited by Fustolo in the First Amended Complaint, does not support a claim. Rather, the Court established that any foreclosure not conducted in strict compliance with the mortgage is ineffective to convey title to the mortgaged property, thereby rendering the foreclosure sale void.

5.      Fustolo's challenge to the Trust's authority as mortgagee to foreclose, which the Trust prevailed on, is substantively different from Fustolo's request for a preemptive declaration of rights with respect to strict compliance with the statutory power of sale embodied in paragraph 22 of the mortgage.  Strict compliance goes to the validity of the transfer of title to the property following the foreclosure sale, not the authority to foreclose.  As already decided, Fustolo is estopped from challenging title to the mortgaged property as a result of the bankruptcy proceedings.  Fustolo has no standing to contest the conveyance of title upon a possible future foreclosure sale.  Fustolo is not entitled to a declaration of non-existent property rights.

6.      Actual injury is a touchstone to declaratory relief.  "The heartland of constitutional standing is composed of the familiar amalgam of injury in fact, causation, and redressability."  Hochendoner v. Genzyme Corp., 823 F.3d 724, 731 (1st Cir. 2016) (citing Lujan v. Defs. of Wildlife, 504 U.S. 555, 560-61 (1992)).  "An injury in fact must be both 'concrete and particularized and actual or imminent, not conjectural or hypothetical.'"  Van Wagner Bos., LLC v. Davey, 770 F.3d 33, 37 (1st Cir. 2014) (quoting Susan B. Anthony List v. Driehaus, 573 U.S. 149, 158 (2014)).  A "threatened injury must be certainly impending to constitute injury in fact"; "allegations of possible future injury" are insufficient.  See Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013).  There is no concrete harm to Fustolo's legal rights where there is no foreclosure commenced, and Fustolo is estopped from challenging title.

7.      Fustolo is not facing foreclosure.  There is no existing case or controversy.  Contrast U.S. Bank National Ass'n v. Schumacher, 467 Mass. 421, 432, 5 N.E.3d 882 (2014) (Gants, J. concurring) ("As the court notes, see ante at note 4, where a homeowner who is facing foreclosure claims that the mortgage holder has failed to provide timely and adequate written

2

notice of the right to cure the default in payment of the mortgage, in violation of § 35A, the homeowner may file an equitable action in Superior Court seeking to enjoin the foreclosure.").

8. The Servicemembers Civil Relief Act case is not part of the mortgage foreclosure proceedings. See Beaton v. Land Court, 367 Mass. 385, 390, 326 N.E.2d 302 (1975).

9. The cases relied upon by Fustolo address whether title was acquired strictly according to the power of sale due to defective paragraph 22 notices. The sole Housing Court decision cited was a post-foreclosure summary process case where the purchaser/owner seeking to evict was required to prove legal title as an essential element of possession. See Bank of New York v. Bailey, 460 Mass. 327, 332-333, 951 N.E.2d 331 (2011).

## CONCLUSION

For the foregoing reasons, Defendants request this Court to reconsider its prior order and dismiss Count II of the First Amended Complaint.

Respectfully submitted,

**SELECT PORTFOLIO SERVICING, INC. and FEDERAL HOME LOAN MORTGAGE CORPORATION, AS TRUSTEE FOR THE BENEFIT OF THE FREDDIE MAC SEASONED CREDIT RISK TRANSFER TRUST, SERIES 2019-2,**

By their attorneys,

/s/ Peter F. Carr, II
Peter F. Carr, II (BBO #600069)
**ECKERT SEAMANS CHERIN & MELLOTT, LLC**
Two International Place, 16th Floor
Boston, MA  02110
Telephone: (617) 342-6800
Facsimile: (617) 342-6899
pcarr@eckertseamans.com

Dated:  April 6, 2023

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1

    I hereby certify that I communicated with counsel for Plaintiff by email to advise of the intention to file Defendants' motion for reconsideration. The parties were not able to narrow or resolve the motion.

Dated: April 6, 2023

/s/ Peter F. Carr, II
Peter F. Carr, II

## CERTIFICATE OF SERVICE

    I hereby certify that this document(s) filed through the ECF system on this day will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those parties which are non-registered participants.

Dated: April 6, 2023

/s/ Peter F. Carr, II
Peter F. Carr, II

#110296766v1