UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| STEVEN C. FUSTOLO,<br>       Plaintiff, | )<br>)<br>) | C.A. 1:23-cv-10033-RGS |
|  | ) |  |
| v. | )<br>) |  |
| SELECT PORTFOLIO SERVICING, INC. and<br>FEDERAL HOME LOAN MORTGAGE CORP.<br>AS TRUSTEE OF SCRT 2019-2,<br>       Defendants. | )<br>)<br>)<br>)<br>) |  |

**AFFIDAVIT OF PETER F. CARR, II, ESQUIRE IN SUPPORT OF**
**OPPOSITION TO MOTION TO DISQUALIFY COUNSEL**

I, Peter F. Carr, II, upon my own personal knowledge, under oath hereby depose and state as follows:

1.      I am a member (partner) of Eckert Seamans Cherin & Mellot, LLC ("ESCM") practicing in the litigation division in the Boston office.  I joined ESCM in 1995.  I make this affidavit solely in support of the opposition to the Motion to Disqualify Counsel filed by Plaintiff Steven Fustolo.

2.      I was admitted to the bar of Massachusetts in December 1994.  I was admitted to practice before this Court in 1995.  I have always been a member in good standing.

3.      I have served as lead counsel to Defendants Select Portfolio Servicing, Inc. and Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2019-2, throughout this litigation.  I plan to serve as trial counsel during the trial currently scheduled for February 22, 2024.  While I have received assistance with the defense of this case from other attorneys and professional staff at the firm in Pittsburgh, no other ESCM attorney in Boston has worked on this litigation with me.

#114952650v1

4.      Bruce Edmands was formerly a member of ESCM in the Boston office.  Bruce Edmands was at ESCM from October 15, 2001 to March 31, 2011 based upon the firm's records. I interacted with Bruce Edmands while he was at ESCM, but I did not work with him as counsel of record on any client matters to the best of my memory.  I recall that Bruce Edmands originated Steven Fustolo as a client of the firm.  I do not remember if Bruce Edmands brought with him Fustolo matters when he joined ESCM in 2001.  I never worked on any Fustolo-related matters while Bruce Edmands was at ESCM, as best as I recall.  Because I was involved in firm management at the time, I remember that Fustolo transferred any open legal matters to Bruce Edmands at his new firm when he left in 2011.  Fustolo was not a client of ESCM at any time after 2011, and specifically not in 2019.

5.      I knew Fustolo's counsel Joe Culik prior to this matter based upon the defense of other financial services litigation cases before this Court and other courts.

6.      On December 9, 2022, Attorney Joe Culik contacted me to advise of the filing of a new complaint in Suffolk Superior Court against Select Portfolio Servicing, Inc. ("SPS") on behalf of Fustolo in the event ESCM would be assigned the case.  ESCM was retained to represent SPS and Federal Home Loan Mortgage Corporation, as Trustee for the benefit of the Freddie Mac Seasoned Credit Risk Transfer Trust, Series 2019-2 (the "Trust").  I agreed to accept service of the complaint on behalf of SPS and the Trust.  Fustolo's complaint involved the enforcement of a mortgage on 115 Salem Street, Unit #13, Boston owned by Fustolo, and primarily events occurring upon and after Fustolo's default on the mortgage loan in 2019.

7.      Attorney Culik thereafter advised me of the filing of another lawsuit against SPS and the Trust involving a mortgage on Unit #14 owned by Fustolo in the same building.

8.      On December 30, 2022, Attorney Culik sent me the First Amended Complaint for the Unit #13 case and the new complaint filed concerning Unit #14.  ESCM also appeared to defend SPS and the Trust in the Unit #14 case, which was removed and is currently pending in this Court at C.A. No. 23-10166-DJC.

9.      Following removal from Suffolk Superior Court, this Court dismissed all claims asserted in Fustolo's First Amended Complaint except for Count II styled as "Declaratory Judgment- Defendants' Faulty Paragraph 22 Notice."

10.     SPS and the Trust answered and the parties completed written discovery.  Before the end of fact discovery, SPS and the Trust noticed the deposition of Fustolo for October 23, 2023.  Fustolo subsequently advised of a conflict and requested to postpone the deposition to a date in November after the close of fact discovery.  I agreed, provided that the parties jointly moved to extend the scheduling order to allow Defendants to complete the deposition and sufficient time to file an anticipated summary judgment motion.  The scheduling order was extended and Fustolo's deposition re-scheduled for Monday, November 20, 2023.

11.     On Friday, November 17, 2023 at 4:18 PM, Attorney Culik emailed me to advise of a possible conflict based on the prior representation of Fustolo by Bruce Edmands while at ESCM.   (**Exhibit 1**).  This was the first time Fustolo had raised the conflict issue.

12.     Attorney Culik urged me to cancel the November 20, 2023 deposition in light of the possible conflict.  Initially, I refused given the timing and because the only issue remaining in the case involved the validity of the September 17, 2019 notice of default, which long post-dated the departure of Bruce Edmands from ESCM.

13.     On November 18, 2023, after further consideration and given the timing, I agreed to postpone the deposition to determine ESCM's ethical obligations.

#114952650v1

14.     I consulted ESCM's General Counsel Timothy Coon concerning the conflict claims asserted by Fustolo.  Attorney Coon researched information available to ESCM about the prior representation.  Bruce Edmands was identified at the originating attorney of the Fustolo relationship and the primary ESCM timekeeper who performed legal services.  One executed engagement letter signed by Bruce Edmands in 2006 was located.   (**Exhibit 2**).  The clients were identified as entities affiliated with Fustolo, not Fustolo personally.  The matters involved disputes unrelated to 115 Salem Street, Unit #13.  The matters are designated as closed in the ESCM file management system.  No hardcopy client file materials for the prior representation were located within ESCM.  Any legacy electronically stored materials, if any exist, are not accessible absent a request for access to the firm's computer network storage system and extraordinary information technology efforts.

15.     Since this litigation commenced, I have not requested access to any electronic client file materials from ESCM's prior representation on Fustolo-related matters, to the extent they exist in the ESCM computer network.

16.     In collaboration with Attorney Coon, I was satisfied that there was not an ethical conflict requiring ESCM to withdraw from representing Defendants against Fustolo.

17.     On November 30, 2023, Attorney Culik inquired if ESCM was going to withdraw. On December 1, 2023, I advised that ESCM was not withdrawing based upon the results of the assessment of the claimed conflict of interest and ethical obligations with Attorney Coon.

18.     Attorney Culik took no action with respect to disqualification.  Instead, the parties continued with the litigation in the normal course.

#114952650v1

19.     The discovery deadline and dispositive motion filing deadline expired before Fustolo's deposition could be re-noticed.  On December 12, 2023, the Court issued a trial assignment notice and scheduled a jury trial for January 16, 2024.

20.     On December 13, 2023, Attorney Culik emailed me to request a continuance of the trial due to personal scheduling conflicts, and proposed a bench trial.  (**Exhibit 3**).  There was no mention of a disqualification motion.

21.     The parties subsequently stipulated to a bench trial and I assented, as a courtesy, to Fustolo's request to continue trial to mid-February 2024.

22.     The Court, thereafter, scheduled a bench trial for February 21, 2024.

23.     On December 28, 2023, counsel for Fustolo, with my assent, requested a change in the trial date to February 22, 2024 due to a personal conflict.  Accordingly, the Court re-set the bench trial for February 22, 2024.

24.     Fustolo did not raise disqualification again until January 3, 2024.  (**Exhibit 4**).

25.     On January 4, 2024, counsel conferred about a possible motion to disqualify.  I outlined for Attorney Culik the results of the investigation of ESCM's prior representation and the detailed ethical rules assessment with Attorney Coon.  I specifically noted the limited scope of the upcoming bench trial for a declaratory judgment arising out of the September 17, 2019 notices of default, which were sent years after Bruce Edmands departed ESCM.  I asked Attorney Culik to explain how ESCM's prior representation was substantially related to the September 17, 2019 notices so that ESCM could reassess any ethical obligations, if necessary, to avoid motion practice.  Attorney Culik referred to but did not share copies of documents obtained from Fustolo that purportedly further supported a disqualifying conflict.  I also conferred with Attorney Culik on Defendants' anticipated motion in limine seeking to narrow the trial issues

5

that, if allowed, would further negate any claimed conflict.   Attorney Culik committed to speaking with Fustolo and to share ESCM's assessment before pursuing a motion to disqualify.

26.    On January 5, 2024, Defendants filed their motion in limine.

27.    Also on January 5, 2024, Fustolo filed the motion to disqualify without any additional conference.


SWORN TO AND SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 24TH DAY OF JANUARY, 2024.


/s/ Peter F. Carr, II
Peter F. Carr, II

#114952650v1